FILED

MAR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL E. CHAVEZ, | No. 11-16888 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01080-OWW-SKO |
| v. | |
| JAMES A. YATES, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

California state prisoner Michael E. Chavez appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his medical needs and violations of the Americans with Disabilities

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act ("ADA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2).  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm in part, reverse in part, and remand.

The district court properly dismissed Chavez's ADA claim because Chavez failed to allege any denial of service based on his disability.  *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

However, liberally construed, the allegations in Chavez's pro se complaint were "sufficient to meet the low threshold for proceeding past the screening stage" where Chavez alleged that defendants were aware of Chavez's severe pain and refused to treat it.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim).  Accordingly, we reverse in part the district court's judgment and remand for further proceedings.

Chavez's request for appointment of counsel on remand is denied.

**AFFIRMED in part; REVERSED in part; REMANDED.**

2                                                          11-16888